*RUSSEL M. WILDER v. FRANK H. TAYLOR ET AL.

**Influence of Deceased Husband's Desire on Wife in Disposing of Property Devised by Him to Her not Undue Influence.**

Where a woman of fine character and delicate sensibilities executes a will, after long deliberation and the full knowledge of her children, in which contrary to her own strong desire to give the property received by her from her deceased husband to her children, she disposes of the property in accordance with a written request received from her husband, the influence so operating upon her will not be treated, in an action brought by a grandchild to set the will aside, as an undue or improper influence.

ERROR to common pleas court.

*Joseph W. O'Hara,* for plaintiff in error.

*Robert Ramsey* and *Joseph Wilby,* for defendants in error.

---

*Reversed, no op., Wilder v. Taylor, 87 O. S. 000; 58 Bull. 60.

SMITH, J.

As it is the policy of the law to secure to everyone the right to dispose of his property in accordance with his individual will, that influence alone is illegal which places the freedom of a testator's will under some kind of restraint. If this be so, it follows that it matters not what may be the origin or character of any influence operating upon a testator, if it does not place him under any restraint. It would seem to follow, also, that it would be equally immaterial how an individual may have acquired an influence over a testator, unless such influence is exerted in a manner that tends to restrain a free exercise of his will in the disposition of his property. *Monroe* v. *Barclay,* 17 Ohio St. 302 [93 Am. Dec. 620].

A will that is invalid by reason of being made under restraint, lacks what has been called the essence of the act, "consent."

Our statute provides "that the order of probate shall be *prima facie* evidence of the true attestation, execution and validity of the will or codicil."

At the outset, therefore, it is incumbent upon the contestant to adduce evidence that outweighs this presumption before the defendant is called upon to present evidence on his own behalf to sustain the will. *Hall* v. *Hall,* 78 Ohio St. 415 (no op.).

What have we in the case at bar?

The evidence clearly shows that the testatrix was a woman of strong character, highly intelligent and of very keen sensibilities. In making her will she conformed to the wishes of her deceased husband as expressed in a letter addressed to and found by her after his death. She also had the advice of her son in whom she had every confidence. She deliberated, counseled and advised concerning the making of her will for several years before its execution; and after its execution permitted it to remain as executed until her death, which was some years later.

There is no evidence that in any way tends to show that the will as executed by her was made under any restraint, or that it lacked the essence of the act "consent." Indeed, she distinctly says in one of her letters to her son, dated November 23, 1910, that she is "glad it is finally done with, for I very much fear if I

Wilder v. Taylor.

were making it now I should at least do just what I did, unwillingly," which seems to indicate that she executed her will "willingly," and was satisfied with it.

She also has in her will the solemn declaration that the bequests in item No. 1 "are made with the knowledge of my children and in accordance with my husband's desire that a portion of my estate should be so divided."

Under the evidence, we firmly believe the testatrix intended to make, and willingly executed the will in question; that instead of being under any restraint she acted freely, consistently and honestly. She did the most natural thing under the circumstances.

The evidence adduced at the trial not only does not overcome the presumption as to the validity of the will, but strengthens it to such a degree of certainty, that there is but one conclusion reached, to wit, that the will in question is the will of the testatrix.

There was no error in directing a verdict sustaining the same and the judgment is affirmed.

**Giffen** and **Swing, JJ.,** concur.